## LULL ET AL *v.* DAVIS.

In an action on the case for flowing land, the declaration alleged plaintiff was lawfully seized in fee and possessed of the land flowed. *Held*, that the whole averment was material, and must be proved as stated. *Held*, also, that proof of plaintiff's possession under a claim of title founded upon a deed, not emanating from the source of title, or traced back to a person so claiming, did not raise a legal presumption of seizin in fee in the plaintiff; and further, that if such possession was evidence of seizin, it was at most but a bare presumption, liable to be overcome by other proof, as title in a third person.

ERROR to Oakland Circuit Court. Davis brought an action of trespass on the case in the circuit court, against Lull and others, for flowing land. The declaration alleged Davis was lawfully seized in fee and possessed of the premises flowed. Plea, general issue, with notice of a prescriptive right in defendants to flow the land in question. From the bill of exceptions accompanying the record, it appeared plaintiff, after giving evidence of the flowing, read in evidence two deeds, one from Gideon O. Whittemore to plaintiff, dated April 13, 1834, and the other from Luther Jones to plaintiff, dated January 25, 1839, each deed purporting to grant to plaintiff in fee a part of the premises, and together covering the whole of the premises described in the declaration. There was no evidence showing Jones' or Whittemore's title, or that they claimed the premises by deed from any one. It appeared, however, plaintiff had been in possession some ten years or more. Defendants, after giving evidence to prove the prescriptive right claimed by them, offered in evidence a deed of the premises from the United States to Stephen Mack, dated September 19, 1820, and a deed for the same from Mack to Solomon Sibley, dated September 20, 1822, and then proved the mill-dam, which occasioned the flowing, was built about the

time the land was conveyed by Mack to Sibley, and had been occupied and used for milling purposes from that time down to the commencement of the present suit. The plaintiff then introduced a deed for one third part of the mill property, including the land flowed, from Sibley to Eurotas P. Hastings, dated April 12, 1830; a deed for two thirds of the same property from Sibley to Stephen Mack, dated November 12, 1822; a deed from Daniel Le Roy, administrator on the estate of Mack, to Hastings, dated July 3, 1830; and a deed from Hastings to Samuel C. Munson, for the whole property, dated July 13, 1831. These deeds were introduced by plaintiff to show a unity of possession in Munson of the mill property and land overflowed. Defendants asked the court, upon the evidence, to charge the jury the allegation in the plaintiff's declaration of seizin in fee was not sustained by the proof, and that they must find a verdict for defendants. The court stated to the jury, that if they believed the evidence in relation to the title and the possession, the allegation of seizin was sufficiently proved. Defendants excepted, and a verdict having been returned for plaintiff, and judgment rendered upon it, they sued out their writ of error.

*C. Draper*, for plaintiffs, in error.

*Stevens*, for defendant, in error.

*By the court*, WING, J. The objection to plaintiff's recovery assumes that the allegation contained in his declaration, that he is seized in fee and possessed, is a connected, entire statement, descriptive of a matter which is the foundation of the action; that it is so connected that no part of it can be stricken out or regarded as impertinent or irrelevant; and therefore, as the entire statement is traversed by the defendant's plea, the plaintiff must prove it as made.

The charge of the judge must be regarded as assuming, either that the averment was divisible, and that the first portion of it was immaterial, or that, for the purposes of this action, proof of possession was evidence of a seizin in fee in the plaintiff.

It is an established rule governing in the production of evidence, that the evidence offered must correspond with and support the averments in the declaration or plea. This rule supposes the averments to be material and necessary.

In 1 Chitty's Pleadings, 228, it is stated, that if a party take upon himself to state in pleading a particular estate, when it was only required of him that he should show a general or a less estate, title or interest, the adversary may traverse the allegation, and if it be untrue, the party will fail. Thus a general freehold title, *liberum tenementum*, may be pleaded either in trespass or in an avowry in replevin, and under it the defendant may prove any estate of freehold either in fee or for life; but if he state, though unnecessarily, a seizin in fee of a particular estate or interest, and the other side traverse the allegation, it must be proved as stated. This is an instance of material matter alleged with an unnecessary detail of circumstances or particularity. The *subject matter* of the averment is material and relevant, and the evil is, that the essential and immaterial parts are so interwoven as to expose the whole allegation to a traverse, and the consequent necessity of proof to the full extent to which it is carried by the pleadings. Mr. Stephens, in treating upon this point, says, that though a less estate than a seizin in fee would have been sufficient to sustain the plaintiff's case, yet, as the plaintiff, who should best know what estate he had, had pleaded a seizin in fee, his adversary was entitled to traverse the title so laid. Steph. Pl. 248. See 1 Chit. Pl. 508 to 510, where it is said the general issue is equivalent to a traverse of every traversable fact.

In the case of Savage *v.* Smith, 2 H. Black. 1101, 1104, which was an action of debt against a bailiff for extorting illegal fees upon a writ of fieri facias, the declaration stated a judgment and a fieri facias upon the judgment. The fi. fa. was given in evidence, but not the judgment. The court held, that though it might be unnecessary to aver the judgment (5 T. R. 498), yet having been averred, it ought to be proved. Ld. Ch. J. De Grey expressly went on the distinction between immaterial and impertinent averments, and said the former must be proved because relative to the point in question. Gould's Pl. 162. These terms immaterial or impertinent, though formerly applied to two classes of averments, are now treated as synonymous, per Best, J. 3 D. & R. 209. Immaterial or impertinent averments are those which need neither be alleged, nor proved if alleged: unnecessary averments consist of matters which need not be alleged, but being alleged must be proved. 1 Greenl. Ev. 73, n. Further illustrations of the same rule may be found in 7 John. R. 321; 3 Day 283; 2 Saund. Pl. and Ev. 686.

The rule stated by Mr. Gould, in his work on Pleading, 162, would appear to confine the question to a matter of variance which can only occur in a matter of record, a written instrument or express contract. If the rule, as stated by Judge Gould, is to be understood as excluding an unnecessary connected allegation in the statement of title or the foundation of the cause of action, then he would disregard the case of Savage *v.* Smith, which he cites and approves. But as the statement in the pleading in this case is in a point confessedly material, his rule can hardly be said to exclude this case; for in the same sense in which it was necessary to prove the averment of the judgment in Savage *v.* Smith, it is necessary to prove the averment of seizin in fee in this case. In the case of Gwinnet *v.* Philips, 3 T. R. 645, Lord Kenyon says, There is no doubt, if a plaintiff undertakes to set out his title, he must set it out correctly; and in the case of Williamson *v.* Allison, 2 East. 452, Lord Ellenborough says, with respect to what averments are necessary to be proved, I take the rule to be, that if the whole of the averment may be stricken out without destroying the plaintiff's right of action, it is not necessary to prove it; but otherwise if the whole cannot be stricken out without getting rid of a part essential to the cause of action, for then, though the averment may be more particular than it need have been, the whole must be proved or the plaintiff cannot recover. This is an expression of the same doctrine that was laid down by Lord Mansfield in the case of Bristow *v.* Wright, Dougl. 665. This same doctrine is maintained and illustrated in 1 Greenl. Ev. secs. 51, 56, 57, 60 and 62; Phil. Ev. 206, 207, and the notes thereto, in Cowen and Hill. Many cases are referred to, and some that would seem to vary the rule, but it is manifest the judges do not intend to lay down a new rule. That there should be some diversity of opinion, arising mainly from the different views which courts may have taken of its application, is perhaps not singular; but, amongst all the cases, I do not find one in which it is stated that an averment descriptive of and limiting the title set up by the plaintiff in his declaration, as the foundation of his right of recovery, need not be proved as made, or that any part of it may be stricken out. It will be found, by a reference to the sections cited from Greenleaf's Evidence, that after analyzing the principles of pleading and evidence, and the decided cases upon the doctrine of impertinent and unnecessary averments, he fully and re-

peatedly affirms the position, that an averment, such as the one in question, cannot be divided, but must be proved as made.

But it is said, proof of possession is evidence of seizin in fee, and supports the averment in the declaration. If so, the rule which we have, stated has no force. Seizin in fee may include possession. It is of two kinds, seizin in deed, or, as Lord Coke terms it, a natural seizin, and seizin in law, or a civil seizin. The former is actual possession of a freehold, the latter a legal right to such possession. Does the proof of possession, under a claim of title founded upon a deed which does not emanate from the source of title in this country, or is not traced down to a person so claiming title, raise a legal presumption of a seizin in fee in the person so in possession? Unless this presumption arises from proof of possession, it is not perceived how the fact of defendant's having a deed from some one who is not shown to have had any title, can add any force to the proof of mere possession. The case of Smith v. Lorillord, 10 John. R. 339, is cited in support of this position taken by defendant. That was an action of ejectment. The plaintiff showed that he and his ancestors occupied the premises in question previous to 1768 and down to 1775, and until driven out by the public enemy. Defendant proved his entry into the premises in 1795, some time after the public enemy had left, and his continued possession for fourteen years, and until action brought. Both parties failed in making out a paper title. Kent, J., held that the facts shown by plaintiff were prima facie evidence of right, and it was not necessary that a plaintiff in ejectment should in every case show a possession of twenty years, or a paper title, and that a possession for a less number of years would form a presumption of title sufficient to put the tenant on his defence. He further adds: This presumption may be removed from one side to the other, *toties quoties*, until one party or the other has shown a title which cannot be overreached, or puts an end to the doctrine of presumption founded on mere possession, by showing a regular legal title or right of possession. It is said the action of ejectment is in truth an action of trespass. You may try the title, or not, but if a party does not think proper to show a title, he may try nothing but the right of possession.

In the cases in 7 Wheaton 59, and 1 Cowen 613, the presumption of seizin in fee was not raised in support of averments in the declaration, but for the purpose of rebutting presumptions arising from the case,

made by defendant, who had attempted to shift the presumptions of law from the plaintiff's case to his own.   The case in Cowen was ejectment, and in many of its features it was similar to that in 10 Johnson. The case cited from 7 Wheaton was a case from Connecticut, and was an action of disseizin, but as far as can be gathered from the case, it would appear that the averments in the declaration were the same as those in ejectment, and the case shows that the parties relied upon possession, and various presumptions of law arising from the case made. Neither of these cases presents a discrepancy between the averment and proof.

Another class of cases is cited, which arose under a statute in New York, in relation to forcible entries and detainers.   In the case in 11 John. R. 504, 510, the indictment averred a seizin in fee in the relator from March 19, 1808, until 1811.   The counsel for the people, in opening his case, proposed to show possession only, in relator.   The judge held that the title was in question, and the people must give the same proof as in ejectment.   Defendant entered under a sale on an execution against the relator.   It was objected the people had not proved seizin in fee in relator.   The court held, relator's proof of possession was sufficient if he showed he was forcibly dispossessed, and that defendant could not set up title to defeat it, but must restore the possession wrongfully taken.   The judge who finally gave the decision, says it was a mistake in saying the title was in question, and after citing 2 John. R. 98, adds, "the statute was made to prevent persons from doing themselves right by force."   In the case in 9 Wendell 50, the court refer to the statute of the state in which it is expressly provided that, " in addition to the forcible entry and detainer complained of, the complainant should only be required to show that he was peaceably in the actual possession of the premises at the time of the forcible entry and detainer, or was in the constructive possession of the premises at the time of the forcible holding out."   This statute renders proof of seizin unnecessary, though it was required to be alleged.   Nelson, J., says, without the statute it would only have been necessary to show possession; and he cites the case in 11 Johnson.   In a similar case, in 9 Wendell, 223, it was objected that seizin in fee was not proved as alleged; but the court say, proof of possession is prima facie evidence of a fee.   Whether this remark is based upon the case in 11 Johnson or the statute does not appear.

Under the peculiar phraseology of the New York statute, the court appear to regard the required averment of a seizin in fee as merely formal, and not the gist or point of the action. The effort of the court in these cases appears to have been, to limit an indictment to a question of disturbance of possession. No authorities are cited except cases of ejectment. These cases appear to be law in New York, in cases arising under the statute cited, though I do not find them referred to in any book or case in connection with the subject of surplusage, or immaterial averments. It is conceded that there is less strictness of proof required in actions of tort than in actions on contract. On contract the plaintiff must prove his case as laid, whereas in tort he need only prove so much as gives him a good cause of action; and under their statutes the courts of New York have permitted amendments when requested so to do, by striking out that which would not occasion surprise to defendant. 19 Wendell 541, 543. But were it competent to disregard that which might have been amended, the plaintiff's case would not be helped by such amendments.

The tract of land claimed by plaintiff formerly composed a part of a larger tract owned by Solomon Sibley in 1822, at which time the dam was built, which occasioned the flowing of which plaintiff complains. It was not divided from the mill tract until after 1831, at which period the whole tract, including mills, dam and mill pond, was vested in Munson. Plaintiff got a part of his title in 1834, and the rest in 1839. In the mean time, and from 1822, the water had flowed the same as at the trial. Defendants showed themselves to be in possession of the mill at the time the suit was commenced. By this proof defendants undertook to make out a prescription, by showing adverse possession upwards of twenty years, continued from Sibley down to them. To rebut this proof, the plaintiff shows title from the U. States down to Munson, in 1831, and then rests. He shows no title down to himself, but shows a deed from two persons not claiming through Munson. The land so purchased by plaintiff would appear to have been overflowed when he bought it, for the mill dam and pond were kept up, down to the commencement of the action, by defendants and others. If so, could the plaintiff, by barely taking and keeping possession of the part not flowed, acquire a right to sue for disturbance to that of which defendants were in the occupation, and of which plaintiff could have no actual pos-

session ? And would not the presumption of seizin in fee be as strongly raised in behalf of defendants as plaintiff ? It therefore became necessary for plaintiff to show title, seizin in fee, which would draw to it the possession, to overcome the defendant's case. Then what would plaintiff gain by disregarding or striking out his averment of seizin in fee, since it was necessary for him to prove title—seizin in fee, to entitle him to recover. This he failed to do.

But upon the supposition that proof of possession was evidence of a seizin in fee, it could be but a bare presumption, liable to be overcome by proof, as occurred in this case. First, the defendants showed adverse and continued possession of the premises from a period beyond the time when plaintiff took possession; and secondly, plaintiff himself introduced proof which showed that the fee of the land still rested in Munson, not defeated by plaintiff's possession for a period which would bar Munson's claim. It is true plaintiff introduced this proof to rebut defendants' proof of prescription; but for whatever purpose introduced, we have it, and we cannot restrict its operation to that object, but it becomes a part of the proof in the case, which plaintiff cannot deny; and it appears to me, that in the face of his own showing of such outstanding fee simple estate in a third person, no presumption could arise of a seizin in fee from the possession of plaintiff, under deeds from persons having no title, even if defendants had shown no occupation or possession.

*Judgment reversed.*