## WILLIAM H. BENNETT v. ROLLIN A. HORR.

*Ejectment—Outstanding title—Presumptions.*

An outstanding title, to have the effect of barring a suit in ejectment, must appear to be a present, subsisting and operative legal title on which its owner can sue and recover.

Where plaintiff in ejectment makes a *prima facie* showing of title, and proves his former possession thereunder, but there is also evidence

that many years previously the premises were granted by the government to a specified person to whom neither party traces title, but whose holding is not shown to be inconsistent with plaintiffs, the presumption should be that the plaintiff held under him rather than that the ancient title is either outstanding or has been extinguished.

Error to Saginaw.    Submitted Oct. 12.    Decided Oct. 27.

EJECTMENT by Horr against Bennett for part of a tract granted by the United States to James Riley, in 1819, but not traced from him to either party. The case involves the same title that was disputed in *Gamble v. Horr* 40 Mich. 561, where the substantial facts were that Horr, being the assignee of a mortgage given by Gamble upon the premises in suit, foreclosed it and became their owner when the period of redemption expired, and then sought to eject the heirs of the mortgager who remained in possession. They defended on the ground that they had previously suffered judgment in ejectment at the suit of one Garvey, who claimed the premises under a tax-title, and who, on recovering judgment, reinstated them in possession. The tax-title was unquestionably invalid, but plaintiff had not shown as an essential condition, under Comp. L. § 1130, to disputing it, that at the time of the tax sale, he claimed directly, or by *mesne* conveyances, from the State or general government. It was held in that case that it was sufficient to produce such evidence as would raise a presumption of title. In this case plaintiff recovered and defendant brings error. Affirmed.

*Tarsney, Tennant & Weadock* for plaintiff in error.

*Wisner & Draper* for defendant in error.

GRAVES, J. The present writ of error brings in controversy the same title we examined in *Gamble v. Horr* 40 Mich. 561, and the only difference suggested is that the tax-title which played a part in that record is not now in question, and that the present case shows, what the other did not contain, that the premises are part of a larger territory which was reserved to James Riley by the treaty at Sagi-

naw in 1819, and which territory the government in that year granted to him. Hence the single point is presented, whether the appearance of this isolated fact that James Riley became grantee from the United States of a large tract embracing this parcel more than sixty years ago is sufficient to change the legal aspect of the case to the prejudice of Horr's claim.

Apart from this fact his title is made out, and, although it is not traced through paper muniments to Riley, it is supported by peaceable possession and derives color from formal papers having the appearance of regularity and good faith. If the ancient grant from the government to Riley is in the way it must be because it proves the existence of an outstanding title which is paramount to Horr's, and therefore makes out that whoever else may be entitled to sue for the property, he at least is not. *Green v. Scarlett* 3 Grant 228; *Holbrook v. Debo* 99 Ill. 372. But to have this effect it must appear in some way that it is a present, subsisting and operative legal title, and one on which the owner could sue and recover. *Jackson v. Hudson* 3 Johns. 375; *Jackson v. Todd* 6 Johns. 257; *McDonald v. Schneider* 27 Mo. 405; *Masterson v. Cheek* 23 Ill. 72; *Sutton v. McLeod* 29 Ga. 589; *Atkins v. Lewis* 14 Grat. 30.

No doubt in many cases presumption may favor an intendment of the continued subsistence and distinct force of the alleged outstanding title.

But when there is nothing besides the bare fact that sixty years previously the government passed the title to a third person, and where no facts exist to suggest any inconsistency between such title and the title of the plaintiff, or to indicate any disposition by such grantee of the government not in harmony with the right and title of the plaintiff, and when the claim of the plaintiff is sustained by public and undisturbed possession held for some years in character of owner under claim of title accompanied by title papers which assume to invest him with the ownership, it would be contrary to reason and justice to allow any such presumption. To do so would amount to an arbitrary intend-

ment that the transactions connected with the plaintiff's title and which according to all appearance were honestly designed and honestly and in good faith carried out, were all infected with wrong, and actually generated in hostility to the right of another who neither pretends to any right or steps forward out of the darkness to assert any. A view of that kind would be flying in the face of principle. The office of presumption is on the other side. An adherence to the moral policy of the law seems 'to suggest that it ought to be presumed as matter of fact, subject to contradiction or impeachment, that the plaintiff's title is not one which is separate and in conflict with the ancient title, but is a mere continuation of it. *Doe v. Butler* 3 Wend. 149; *Demeyer v. Legg* 18 Barb. 14. Applying this reasoning we ought to consider that Horr's title emanated from the government (*Gamble v. Horr* supra), and in its transit to Horr passed through Riley.

In view of the great lapse of time and the want of facts to show any possession under the Riley title it would be necessary to presume that it has become *extinguished*, unless we suppose it to be identical with Horr's title on the presumption mentioned, and the latter seems preferable. *Jackson v. Hudson* supra; *Jackson v. Harder* 4 Johns. 203. The proof therefore of the old grant from the government to Riley had no tendency by itself to show an outstanding title paramount to Horr's and sufficient to overreach it, and the case was subject to the same ruling which was applied in *Gamble v. Horr*.

The judgment should be affirmed with costs.

MARSTON, C. J. and COOLEY, J. concurred.

CAMPBELL, J. dissenting. I think the court below erred in holding that the presumption of the title arising from a conveyance by a grantor in possession can avail to overcome proof of paper title in some one else. Every plaintiff in ejectment must recover on his own title, and it is a complete defence to show title in a third person. I do not think that when title is once shown by a regular conveyance derived

from government to have vested in any one, the law can ever raise a presumption that he has parted with that title, until there is proof of some direct action by him inconsistent with title, or else such a long possession as will *prima facie* toll his right of entry.

It could not be claimed for a moment that if Riley or one of his heirs had been plaintiff here, the fact that Gallagher was in possession six or seven years before suit, and conveyed to Horr or his grantors, would put such claimant to proof that he or his ancestor had never parted with the government title. No possession proved in this case goes back of Gallagher, and there is nothing whatever to show that Hoyt* or his successors in the chain before Gallagher ever had possession at all. I cannot see how a presumption that could not avail against Riley as a plaintiff can avail against his title wherever it may be.

The rule which allows a *prima facie* presumption of right in a possessor is the purest fiction, based entirely on the policy of not assuming a person to be a trespasser. I do not think there is authority for maintaining it against any positive proof of title, until it has time enough behind it to actually or presumptively bar that title. The case of *Lull v. Davis* 1 Mich. 77, seems to me to decide this very clearly, and the case of *Gamble v. Horr* is not opposed to it, as there no paper title was shown against that derived from the possessory source, and there was privity of title among some of the parties, although not relied on in the decision.

I cannot but think that since the action of ejectment has ceased to be possessory merely, and has become a substitute for the action of right, the extension of presumption from possession to cover an estate in fee-simple is a dangerous one at best, although there is reason in allowing it to support a possessory claim. But to allow so slender a foundation to support a presumption that the owner of a complete paper

*Hoyt conveyed the premises in suit to John Gallagher, and John Gallagher conveyed to William Gallagher, who sold to Roswell G. Horr. Horr sold to John Gamble, taking back a mortgage which he assigned to Rollin A. Horr, the plaintiff in this action.

title has parted with it to the party who was formerly in possession, or parted with it at all, when such possession is not ancient, will greatly endanger titles, and encourage tres-passers. In a country like this there must always be much non-resident land, and if owners can be put on the defensive, and compelled to prove a negative whenever any one chooses to enter their lands and convey to some one else, the results will not be favorable to honesty or safety.

I think the judgment should be reversed.