## HENDERSON v. WANAMAKER.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1897.)

1. VENDOR AND PURCHASER — BONA FIDE PURCHASER — POSSESSION BY THIRD PARTY.

Possession of lands by a third party at the time of sale is notice to the purchaser of every defect in and defense to the vendor's title which said third party could make, including a prior unrecorded deed by the vendor to another.

2. SAME—LIS PENDENS.

A purchaser of lands from a plaintiff in ejectment, pending the suit, is chargeable with notice of an outstanding unrecorded deed from the vendor to another, which the defendant would be entitled to introduce as a defense under the pleadings.

3. EJECTMENT—PLEADING—GENERAL DENIAL.

The defendant in ejectment is never required to plead specific defenses to a title which the plaintiff does not disclose in his complaint, and of which defendant may be ignorant, but may introduce under his general denial any evidence that will defeat it.

4. SAME—ADMISSIONS.

The admissions of a grantor against his interest, made while he held all the title that his grantee has acquired or relied upon, are always admissible against the latter, unless he is protected as an innocent bona fide purchaser.

5. SAME.

A defendant in possession may defeat a recovery by a plaintiff in ejectment who relies upon his title, by proof of an outstanding title in a third person, and such outstanding title, while it must be subsisting and valid as against plaintiff at the time of the trial, need not be so as against the defendant.

In Error to the Circuit Court of the United States for the District of Colorado.

A. S. Blake, for plaintiff in error.

M. F. Taylor (E. T. Wells and John G. Taylor with him on the brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge.    This writ of error was sued out to reverse a judgment in favor of a defendant in possession in an action at law to recover specific real property.    On February 11, 1890, John Baker brought this action against Jonas E. Wanamaker, the defendant in error.    In his complaint he alleged that he was the owner and in possession of the land in dispute, on December 18, 1888; that about December 21, 1888, the defendant wrongfully ousted him from the possession, and thereafter withheld it from him.    The defendant answered.    In his answer he denied that Baker was ever the owner or in possession of the property, denied that he was ever entitled to the possession, denied the ouster, and averred that he, the defendant, and his grantors, had for more than five years preceding the commencement of the action held the peaceable possession of the property, under color of title, in good faith, and had paid all the taxes against the property during that time.    In November, 1890, Baker sold and conveyed the land to the plaintiff in error, J. A. Henderson, and he was substituted for Baker as plaintiff in the action on November 5, 1890. The statutes of Colorado provide that the adverse possession of real estate under color of title in good faith, and the payment of taxes for five consecutive years, shall constitute an unassailable title to land. 2 Mills' Ann. St. § 2923.    On November 3, 1894, the defendant, by leave of the court, filed a further answer to the effect that, before the commencement of the action, Baker had conveyed to and vested in Michael D. Clifford all the title and interest he ever had in the property. Replications were filed to both of these answers, and upon the trial there was evidence of these facts:    The title, according to the records, in 1890, was in the name of Baker.    He had, however, conveyed the land to Clifford in 1873 by a deed that had never been recorded, and from that time until 1887 it was vacant and unoccupied, and neither Baker nor Clifford paid any taxes upon it or exercised any acts of ownership over it.    In 1887 the grantor of the defendant, who claimed the land under a void tax deed, entered upon and fenced it, and from that time he and the defendant had possession of it and paid the taxes upon it.    When this action was commenced the title of the defendant by five years' continuous possession had not matured, so that the action of Baker was not barred by the statute.    When, however, in 1894, the defendant first specifically pleaded the defense that Baker had conveyed to Clifford, he and his grantor had been in possession and paid taxes for more than five years, so that any claim of Clifford to the land was then barred by the statute as against the defendant in possession.

1. It is assigned as error that the court charged the jury that the present plaintiff stood in the shoes of the original plaintiff, Baker,

and could not successfully claim the rights of a bona fide purchaser without notice of the unrecorded deed to Clifford. The court below was right, (1) because the defendant was in possession of the land when the plaintiff bought of Baker, and that possession was in itself notice of every defect in and defense against Baker's title which the defendant could make (Leighton v. Young, 10 U. S. App. 298, 314, 3 C. C. A. 176, 197, 52 Fed. 439, 445); and (2) because the plaintiff bought the title of Baker pendente lite. The answer in the case which was on file when he bought denied that Baker had any title to the property. As Baker contented himself with a general allegation of title, and did not attempt to deraign it, the general denial of that title in the answer was a sufficient pleading to entitle the defendant to prove a conveyance by Baker, or any other fact which would show that he had no title when the action was commenced. The defendant in ejectment is never required to plead specific defenses to a title which the plaintiff does not disclose in his complaint, and of which the defendant may be ignorant, but, when that title is presented by the proof, he may introduce under his general denial any evidence that will defeat it. Kipp v. Bullard, 30 Minn. 84, 14 N. W. 364; Lain v. Shepardson, 23 Wis. 224; Mather v. Hutchinson, 25 Wis. 27; Marshall v. Shafter, 32 Cal. 177. The action and the original answer of the defendant were therefore notice to the purchaser, Henderson, of every act and conveyance of the original plaintiff, Baker, by which the defendant might show that Baker had no title at the date of the alleged ouster and at the date of the commencement of the action. When he bought the title openly challenged by the possession and answer of the defendant, he bought with it his grantor's lawsuit and notice of every defense which Wanamaker might lawfully make to it. He could not purchase in the face of this action, answer, and possession, and then interpose against defeat the shield of a bona fide purchaser without notice. Kinney v. Mining Co., 4 Sawy. 382, 451, Fed. Cas. No. 7,827; Skews v. Dunn, 3 Utah, 186, 191, 2 Pac. 64.

2. Complaint is made that the court below admitted evidence of declarations made by Baker before he conveyed to the plaintiff to the effect that he had previously conveyed his title to Clifford, and had no interest in the property in dispute. But the admissions of a grantor against his interest, made while he held all the title that his grantee has acquired or relies upon, are always admissible against the latter, unless he is protected by his character of an innocent bona fide purchaser, as the plaintiff here is not. Baker v. Humphrey, 101 U. S. 494, 499.

3. The assignment of error upon which counsel for plaintiff seems to rely most confidently is, however, that the court below refused to instruct the jury that Baker's conveyance to Clifford constituted no defense to this action, if Clifford's claim to the land was barred in 1894, when the defendant first specifically pleaded it, by virtue of the statute of limitations and the defendants five years' possession thereunder, and did charge them that if Baker had conveyed all his title to Clifford before he commenced the action, and before he conveyed to the plaintiff, that fact constituted a perfect defense to the

action. He bases this assignment upon the rule frequently announced in the books that an outstanding title is not available as a defense in ejectment, unless it is valid, subsisting, and paramount at the time of the trial. The purpose of the adoption of this rule, however, was to prevent the manifest injustice of permitting the defendant to defeat a recovery by a plaintiff who in fact had the title and right of possession by proof of an outstanding title which had been purchased by the plaintiff after the commencement of the action, or had otherwise become void as against him before the trial. This seems to have been the only reason for the rule, and where the reason ceases the rule ought to cease. There never was any reason for holding that an outstanding title, valid and subsisting as against the plaintiff, but barred by the statute of limitations or otherwise invalid as against the defendant, constituted no defense to the action in ejectment. The limitation of the rule, which is no less binding than the rule itself, is that an outstanding title, to be available as a defense to an action in ejectment, must be subsisting and valid as against the plaintiff at the time of the trial, but need not be so as against the defendant. It is true, as counsel for the plaintiff in error has shown, that in some of the cases the rule is stated without this limitation. Reusens v. Lawson (Va.) 21 S. E. 347, 352; Robinson v. Thornton (Cal.) 31 Pac. 936, 937; Jackson v. Harder, 4 Johns. 202, 211. But the fact must be borne in mind that courts frequently state the general rules of law applicable to the facts of particular cases before them without attempting to set forth all the limitations and exceptions to the rules, which do not affect the cases in hand. For example, cases may be found in which the statement is broadly made that the defendant in ejectment cannot avail himself of an outstanding title in a stranger; and he may not, in a case where neither party has any title to the premises, and the plaintiff relies solely upon his prior possession and his wrongful ouster by the defendant, because a mere trespasser or intruder cannot forcibly turn out the party in possession. Newell, Ej., p. 654, § 16; Jackson v. Harder, 4 Johns. 202. But this rule is inapplicable to a case in which the plaintiff relies solely upon his title and never was in possession. So, when the facts of the cases, in which the rule upon which the plaintiff relies is stated without its restrictions, are carefully considered, with due reference to the reason of the rule, we think that few, if any, of them will be found inconsistent with its limitation. It is correctly stated in Humble v. Spears, 8 Baxt. 156, 158. It is properly applied in Howard v. Massengale, 13 Lea, 577; Peck v. Carmichael, 9 Yerg. 325; Foust v. Ross, 1 Watts & S. 501; Bennett v. Horr, 47 Mich. 221, 224, 10 N. W. 347; McDonald v. Schneider, 27 Mo. 405, 410; Greenleaf's Lessee v. Birth, 6 Pet. 302, 312, 313.

After a careful consideration of the reason of the rule, and an attentive reading of the authorities, we are convinced that this is a correct statement of it: A defendant in possession may defeat a recovery by a plaintiff in ejectment who relies upon his title, by proof of an outstanding title in a third person, and such outstanding title must be subsisting and valid as against the plaintiff at the time of the trial, but need not be so as against the defendant. Thus stated, it is a

just, sound, and salutary principle, but without this limitation it would be vicious and absurd.

The attempt of counsel for the plaintiff to apply the rule without the limitation to the case at bar compels him to maintain the contention that a grantor who has never had possession of the real estate, and has conveyed away his title to it, so that he has neither title nor right of possession at the time of the commencement of his action of ejectment, may nevertheless maintain that action against a defendant in possession by the simple proof that his grantee cannot maintain such an action. The proposition is that one who has no title to, or right to the possession of, real estate may maintain ejectment for it on the sole ground that his grantee cannot. The statement of the proposition is its best refutation. The universal rule is that a plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of his adversary's. Much less can he recover on the weakness of a stranger's title. It is always a good defense to an action of ejectment, in which the plaintiff relies solely upon his title, that he had conveyed the property to a third party before he brought the action, so that he had neither title nor right of possession at or after its commencement. Mallett v. Mining Co., 1 Nev. 188, 196, 200; Moss v. Bank, 7 Baxt. 216, 219, 220; Eaton v. Smith, 19 Wis. 537; Salcido v. Genung (Ariz.) 43 Pac. 527; Woods v. Bonner (Tenn. Sup.) 18 S. W. 67; Hobby v. Bunch (Ga.) 10 S. E. 113; Cobb v. Lavalle, 89 Ill. 331. Baker conveyed this land to Clifford in 1873. When he commenced this action, in 1890, he had neither title to nor right to the possession of the property. Since he had no title or interest in it when he subsequently made his deed to the plaintiff, in 1890, the latter took nothing by that deed, and the rulings of the court and the judgment below were right. Let the judgment be affirmed, with costs.