Per Curiam.

The deed executed by the deputy sheriff, in the name and on the behalf of his principal, was a good execution of the deed. A sale, and the consummation of that sale by deed, are acts which the sheriff may do by deputy. The law does not require them to be done by the sheriff in person, and the general doctrine on this subject was fully illustrated in the case of Tillotson v. Cheetham. (2 Johns. Rep. 63.) Nor was the defendant to be allowed in this case to set up an outstanding title to defeat the plaintiff’s recovery. The defendant was the son of Japhet Bush, and the lessor of the plaintiff a purchaser of the premises *226 at the sheriff's sale on the execution against .Jctphet. It was in proof that .Tapket was the former owner, and the defendant set up a deed from hIs father, which deed was found to be fraudulent. The defendant was, therefore, in possession under his father, and without title, and if his father could not set up an outstanding title to defeat the purchaser under the judgment against him, (and that he could not the case of Jackson v. Graham, in 3 Caines’ Rep. 188. is in point,) the son being in under him, can be in no better capacity to do it. The rule excluding a defendant, against whom there has been a judgment and execution, from defeating the purchaser’s recovery of his possession, by setting up a title in some third person, is founded in justice and policy; and the reason of the rule equally applies where such defendant has, in the mean time, delivered up his possession to another. He shall not be permitted to do indirectly, and through the agency of another, what the law will not suffer him to do himself. As the defendant set up a title under his father, and by a deed directly from him, which turned out to be fraudulent, and offered to show no other title in himself, the inference was necessary that he came in under his father, and by collusion with him, to defeat the claims of creditors.
Motion denied.