[No. 5165.]

## GEORGE H. JEFFERSON *v.* GOTTLEIB WENDT AND J. W. HOCHNER.

DELIVERY OF SHERIFF'S DEED.—A sheriff's deed takes effect from the time of its actual delivery, and the execution of the deed by the sheriff, and information given by him to the grantee that the deed is ready for him, do not amount to a delivery.

LIMITATION OF ACTIONS.—The Statute of Limitations does not commence running against a purchaser of land at a sheriff's sale until the sheriff's deed has been delivered to the purchaser.

APPEAL from the District Court of the Twentieth Judicial District, County of Santa ʻClara.

Ejectment to recover a lot in San Jose, county of Santa Clara. Ellen Brandon was in possession of the lot in 1862. The taxes in said city were collected by action. The tax of 1862 not having been paid, suit was commenced in Justice's Court, and service had on Mrs. Brandon, and judgment rendered against her. A transcript of the judgment was filed in the county clerk's office, and an execution issued, and, on the twenty-fifth of March, 1865, the sheriff sold the lot to the plaintiff. On the twenty-seventh of November, 1865, the sheriff prepared and executed a deed to Jefferson, and placed it among the papers in his office. Several times during the years 1865 and 1866 the sheriff saw Jefferson on the streets, and informed him that the deed was ready for him in his office, and Jefferson said all right, and that he would call for it; but he neglected to do so until early in 1873. When he did call, search was made among the papers in the sheriff's office, but the deed could not be found. The sheriff, then, at Jefferson's request, made and delivered to him another deed. This suit was commenced in April, 1874. ʻ The court below held that what occurred in 1865–6 amounted to a delivery, and gave judgment for the defendants, as the Statute of Limitations had been pleaded. The plaintiff appealed.

*Francis E. Spencer*, for the Appellant.

The legal title, after a judicial sale, is in the grantor, until the deed of the officer is delivered to the purchaser. (*McMillan* v. *Richardson*, 9 Cal. 365; *Anthony* v. *Wessel*, Id. 103; *Filch* v. *Burch*, 30 Id. 213; *Barr* .v. *Schroeder*, 32 Id. 616.) To constitute a valid delivery of a deed, it must pass into the hands of the grantee, or some one for him, in such a way as to be beyond the legal control of the grantor. (*Johnson* v. *Farley*, 45 N. H. 505.) The grantee must assent to the delivery, *i. e.*, accept the deed, and the grantor must part with his dominion over it. (*Warner* v. *Swelt*, 11 Foster, N. H. 332; *Fisher* v. *Hall*, 41 N. Y. 417; *Byers* v. *McClana-*

*han*, 6 Gill & J. 250; *Wiggins* v. *Lusk*, 12 Ill. 132; *Parker* v. *Parker*, 1 Gray, Mass. 409.)

*Houghton & Reynolds*, for the Respondents.

When the sheriff had acknowledged the deed to Jefferson, he was as powerless to withhold it as the commissioner of the land office is to withhold a patent when once signed, or to defeat its operation. Jefferson might have taken the deed at any time wherever he could find it, without the consent of the sheriff, and the sheriff could not have compelled its return or had it canceled. But it appears that the sheriff did all in his power to have it effective.

By the COURT:

The court below held that the Statute of Limitations had operated a bar to the plaintiff's claim. This was put upon the ground that in 1865 or 1866 there was a delivery of the sheriff's deed to the plaintiff. But it is apparent that no deed was delivered to the plaintiff until June, 1873, and the action was commenced in 1874.

Judgment reversed and cause remanded for a new trial. Remittitur forthwith.