## ROBINSON v. THORNTON et al.*

### No. 14,819; January 12, 1893.

#### 31 Pac. 936.

**Execution—Sheriff's Deed.**—Where Land is Sold Under Execution in an attachment suit, the sheriff's deed takes effect as of the date of the levy of the attachment, and a conveyance by the attachment debtor after the attachment was levied, and before judgment, vests no title in his grantee.

**Execution Sale.**—The Statute of Limitations Does not Begin to run against the purchaser of land at a sheriff's sale, or his grantees, until delivery of the sheriff's deed.

**Ejectment.**—Where the Defense of Outstanding Title in a Third Person is made to an action of ejectment, it is essential to show that the title was outstanding at the time of trial.

APPEAL from Superior Court, San Mateo County; John Reynolds, Judge.

. Ejectment by C. P. Robinson against R. S. Thornton and others. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant Thornton appeals. Affirmed.

Edwd. F. Fitzpatrick for appellant; T. M. Osmont and D. M. Delmas for respondent.

GAROUTTE, J.—This is an appeal by defendant Thornton from a judgment and order denying a motion for a new trial in an action of ejectment. Plaintiff founds his title upon an attachment, judgment, and sale on execution thereunder, in an action entitled McCombe v. Benjamin S. Green and Hannah

---

*For subsequent opinion in bank, see 102 Cal. 675, 34 Pac. 120.

Green, his wife, commenced April 1, 1872, the attachment being levied upon the realty the following day. Judgment was rendered for McCombe November 5, 1880, and the lands were sold under execution thereon December 10, 1881, to one Forbes, and certificate of sale issued to him upon the same day. Upon the fourth day of June, 1887, the ex-sheriff of San Mateo county, who made the sale, executed a deed of the premises to respondent, who held the certificate as an assignee thereof. This action was commenced June 8, 1887. Appellant, as appears by his evidence, relies upon three defenses to defeat respondent's cause of action: (1) Title under a deed from said Green, dated August 17, 1872; (2) title by adverse possession, based upon an entry made under the aforesaid deed; and (3) outstanding title in a stranger.

1. A sheriff's deed takes effect from the date of the levy of the attachment, if the levy is such as to create a lien; Porter v. Pico, 55 Cal. 165. Upon an examination of the evidence we are satisfied that a valid levy was made; and it follows that respondent's title, under his deed of June 4, 1887, took effect as of the date of the attachment, to wit, April 2, 1872, and that appellant's deed from Green, dated August 17, 1872, carried no title.

2. Appellant failed to acquire title, as against Robinson, by adverse possession. Robinson had no right of entry, and therefore no cause of action until he received the sheriff's deed, and his complaint was filed within a short time subsequent to that event. The statute of limitations did not begin to run against him until his right of entry accrued. In Jefferson v. Wendt, 51 Cal. 573, this doctrine was declared; and, upon the ground that it had established a rule of property, it was followed in Leonard v. Flynn, 89 Cal. 536, 23 Am. St. Rep. 550, 26 Pac. 1097. The adjudications of the courts of Illinois declare the statute of limitations in this character of action to begin to run from the date when the purchaser at the execution sale is entitled to his deed, and not, as in this state, from the date of the actual delivery thereof. This view was taken in Pratt v. Pratt, 96 U. S. 704, 24 L. Ed. 805, and seems to have sound reason in its support, but the rule is to the contrary in this state. It must be remembered that this appellant did not enter upon the land with bow and spear, defying the world. He entered under a deed from Green, the judg-

ment debtor, and, in effect, respondent's grantor, and is now claiming color of title under such deed. Respondent had no right of entry during these years that appellant was in possession; neither did Green, respondent's grantor, for whatever interest he possessed he conveyed by deed to appellant. Hence there was no right of entry in anyone, and therefore there was no person entitled to oust appellant. It would be a novel principle to declare a title by adverse possession against the respondent, holding a perfect legal title, when neither he, his predecessors nor grantors, were entitled to bring an action to recover possession of the realty during the period of incubation of this new title. The principle upon which the statute of limitations is founded is the laches of the true owner in sleeping upon his rights, but there can be no laches when there are no rights to be protected. It was said by Mr. Justice Miller in Pratt v. Pratt, 96 U. S. 707, 24 L. Ed. 587: "The defendant, having purchased the land of the person who had the legal title, does undoubtedly hold adversely to everybody else. He admits no better right in anyone. He is no man's tenant. The right by which he holds possession is superior to the rights of all others. He asserts this, and he acts on it. His possession is, in this sense, adverse to the whole world. But it is not inconsistent with all this that there exists a lien on the land—a lien which does not interfere with his possession, which cannot disturb it, but which may ripen into a title superior to that under which he holds, but which is yet in privity with it. In the just sense of the term his possession is not adverse to this lien. There can be no adversary rights in regard to the possession under the lien, and under the defendant's purchase from the judgment debtor, until the lien is converted into a title conferring the right of possession. The defendant's possession after this is adverse to the title of plaintiff; and then, with the right of entry in plaintiff, the bar of the statute begins to run.''

3. For the purpose of showing outstanding title, appellant proved that the common grantor, Green, had mortgaged the premises to certain parties, who had foreclosed the mortgage, and sold the realty under such foreclosure, prior to the date of the McCombe attachment, and that one Ford was the owner of such title at the inception of this action. In rebuttal, respondent introduced a deed showing that whatever title Ford

may have had at the commencement of the action was then vested in him. The admission of this evidence was clearly correct. It was not offered for the purpose of showing title in respondent, but to rebut the fact that any outstanding title then vested in Ford. The appellant in no manner connected himself with Ford's title, and under such circumstances the defense of outstanding title is overcome by proof that since the beginning of the action such title has ceased to exist. An outstanding title sufficient to defeat plaintiff in ejectment must be outstanding at the time of the trial of the action: Sedg. & W. Tr. Title Land, sec. 831. Appellant insists that he connected himself with Ford's title "by acquiring it by adverse possession." Adverse possession for the statutory period creates a title, but does not operate to transfer the title of the disseisee to the disseisor: Williams v. Sutton, 43 Cal. 65; Alhambra etc. Water Co. v. Richardson, 72 Cal. 608, 14 Pac. 379. If respondent had received a deed of this realty from Green at the date of the levy of the McCombe attachment—except as to the statute of limitations—he would have been in a position to have successfully prosecuted this action to final judgment, upon the facts as they appear by the record. The final result of the attachment proceedings was a deed to respondent, vesting in him all the title to this realty that Green had at the date of the levy. Such being the fact, respondent must prevail, for the defense of the statute of limitations cannot be maintained.

Respondent's deed from the ex-sheriff, taken in connection with the proceedings in the action of McCombe v. Green et al., upon which the deed was based, made a prima facie case of title in his favor; and as we have already seen, that prima facie case is too strong to be repelled by any attack that can be launched against it by the defenses which are used by appellant for that purpose. Let the judgment and order be affirmed.

We concur: Harrison, J.; Paterson, J.