[No. 14819. In Bank—August 31, 1893.]

# C. P. ROBINSON, RESPONDENT v. R. S. THORNTON, APPELLANT.

FORECLOSURE OF MORTGAGE—SHERIFF'S DEED—RELATION.—A sheriff's deed executed to the purchaser at a sale under a judgment foreclosing a mortgage vests the purchaser with all the title to the land that the mortgagors had at the date of the mortgage, or which they had subsequently acquired therein.

ID.—ATTACHMENT PRIOR TO DEED.—An attachment upon the property of the mortgagors affects only the interest in the land which was then held by them, and if the land has been sold by the sheriff under foreclosure sale, the deed subsequently executed by the sheriff extinguishes the interest which the mortgagors had at the date of the attachment.

ID.—EXTINGUISHMENT OF JUDGMENT LIEN.—A judgment rendered after the date of the sale under foreclosure of a mortgage cannot be a lien upon the property of the mortgagors, and the land is not subject to a sale in satisfaction of the judgment.

ID.—CONVEYANCE BY MORTGAGOR—ADVERSE POSSESSION—PRESCRIPTIVE TITLE.—The conveyance by the mortgagor after sale of the land under foreclosure, and the execution of the sheriff's deed, does not transfer any title or interest in the land; but if the purchaser takes possession of the land, and maintains an adverse possession thereof for the full period of the statute of limitations, he becomes vested with a prescriptive title thereto.

ID.—ESTOPPEL—AFTER-ACQUIRED TITLE—EJECTMENT.—A judgment debtor in possession of property at the time of the sale, or any one claiming under him subsequently to the creation of a judgment or attachment lien, who has no other title than that which he derived from the judgment debtor, and which was sold under the execution, cannot defeat the right of the purchaser at the sale to recover the land in ejectment by showing that he had no title to the land, or that the true title was outstanding; but the sheriff's deed does not transfer any after-acquired interest in the land, and the judgment debtor or his vendee may show that he has acquired a different title from that which was sold under the judgment, and his vendee may also show that the judgment debtor himself had no interest in the land at the time of the sale.

ID. — VENDEE OF LAND NOT ESTOPPED.—The vendee or grantee of land is not estopped from disputing the validity of the title under which he entered, and he may show another and independent title in himself.

ID.—ADVERSE POSSESSION OF GRANTEE—PRESCRIPTION.—The possession of a grantee becomes adverse to his grantor immediately upon his entry under the grant, and by this adverse possession he may acquire a title by prescription which will be as available for the protection of his possession as one acquired by grant.

ID.—RUNNING OF STATUTE OF LIMITATIONS—SHERIFF'S DEED—TITLE OF STRANGER.—The rule that the statute of limitations does not begin to run against the judgment debtor, or one claiming under him, until the

execution of the sheriff's deed, has no application to a stranger to the judgment, or to any title which is not received from the judgment debtor.

ID.—EJECTMENT—EVIDENCE—EXTINGUISHMENT OF LIEN—CONVEYANCE TO PLAINTIFF SUBSEQUENT TO SUIT.—In an action of ejectment brought by a plaintiff claiming title under an execution sale, where the defendant offers evidence of a sale and sheriff's deed under the foreclosure of a mortgage, for the purpose of showing that the sale which the plaintiff claimed as the basis of his title had been extinguished thereby, the plaintiff cannot offer in evidence a deed to him of the title under foreclosure sale, executed subsequently to the commencement of the action, and it is error to admit such deed in evidence.

APPEAL from a judgment of the Superior Court of San Mateo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Edward F. Fitzpatrick*, for Appellant.

The open, notorious, actual, exclusive, adverse possession of the land by R. S. Thornton, under at least color of title, by the deed from the patentee, B. S. Green, to him, with the payment of all taxes for over fourteen years before this action was instituted, bars any right of action in plaintiff, C. P. Robinson, and confers a complete and perfect title upon the appellant. (*Ewing* v. *Burnet*, 11 Pet. 41; *Sharp* v. *Blankenship*, 59 Cal. 288; *Cannon* v. *Stockmon*, 36 Cal. 535; 95 Am. Dec. 205; *Johnson* v. *Brown*, 63 Cal. 391; *Arrington* v. *Liscom*, 34 Cal. 381; 94 Am. Dec. 722; *Langford* v. *Poppe*, 56 Cal. 73; *Unger* v. *Roper*, 53 Cal. 39; *Pennsylvania M. Co.* v. *Owens*, 15 Cal. 135, 136; *Irwin* v. *Towne*, 42 Cal. 326–31; *Talbert* v. *Singleton*, 42 Cal. 391–95; *Willis* v. *Wozencraft*, 22 Cal. 608, 613; *Lawrence* v. *Webster*, 44 Cal. 385, 389; *Dorland* v. *Magilton*, 47 Cal. 485; *Bakersfield etc. Assn.* v. *Chester*, 55 Cal. 98; *Garabaldi* v. *Shattuck*, 70 Cal. 511; *McLeran* v. *Benton*, 73 Cal. 329; 2 Am. St. Rep. 814; *Webber* v. *Clarke*, 74 Cal. 11; *Silvarer* v. *Hansen*, 77 Cal. 579; *Daniels* v. *Gualala Mill Co.*, 77 Cal. 300; *Wilson* v. *Atkinson*, 77 Cal. 485; 11 Am. St. Rep. 299; *McCormack* v. *Silsby*, 82 Cal. 72.) The sheriff's deed to Patterson,

on July 3, 1872, cut off the lien of the McCombe attachment of April 2, 1872, if it ever existed, and that deed related back to the date of B. S. Green and Hannah Green's mortgage to C. C. Wilson and J. P. Jourdan, executed on April 21, 1869. (*People's Savings Bank* v. *Hodgdon*, 64 Cal. 95; *McMillan* v. *Richards*, 9 Cal. 365; 70 Am. Dec. 655; *People* v. *Doe*, 31 Cal. 220; *People* v. *Mayhew*, 26 Cal. 655; *Fish* v. *Fowle*, 58 Cal. 373–75; *Dodge* v. *Walley*, 22 Cal. 224; 83 Am. Dec. 61; *Blood* v. *Light*, 38 Cal. 649–58; 99 Am. Dec. 441; *Hutchings* v. *Ebeler*, 46 Cal. 557; *Vallejo L. Assn.* v. *Viera*, 48 Cal. 572.) That defendant in possession could show, as R. S. Thornton has done in this case, that plaintiff, C. P. Robinson, had no title to this land at the time he commenced this action, on June 8, 1887, is well settled. (*Gilman* v. *Gilman*, 111 N. Y. 265; *Raynor* v. *Timerson*, 46 Barb. 518–25; *Andrews* v. *Bond*, 16 Barb. 633–42; *Gillett* v. *Stanley*, 1 Hill, 121–28; *Le Roy* v. *Rogers*, 30 Cal. 229–36; 89 Am. Dec. 88; *Miller* v. *Prentice*, 82 Cal. 104; *Simson* v. *Eckstein*, 22 Cal. 586–93; *Semple* v. *Cook*, 50 Cal. 26–29.) Plaintiff must have a right of entry at the time of the commencement of the action of ejectment, or he must fail in the action. (*Meeks* v. *Kirby*, 47 Cal. 168; *Kile* v. *Tubbs*, 32 Cal. 332; *Carn* v. *Hailsley*, 22 Fla. 317; *Jones* v. *Lofton*, 16 Fla. 189; *Hollingsworth* v. *Flint*, 101 U. S. 591–96; *Coffin* v. *Freeman*, 82 Me. 577; *Smith* v. *McCann*, 24 How. 398; *Johnson* v. *Jones*, 1 Black, 209–27; *McCool* v. *Smith*, 1 Black, 459–71; *Lichfield* v. *Railroad Co.*, 7 Wall. 270.)

*T. M. Osmont*, for Respondent.

Plaintiff's title relates to the levy of the attachment. (*Porter* v. *Pico*, 55 Cal. 165.) And the levy of attachment may be shown by parol. (*Hunt* v. *Loucks*, 38 Cal. 372; 99 Am. Dec. 404; *Ritter* v. *Scannell*, 11 Cal. 238; 70 Am. Dec. 775; *Wilson* v. *Madison*, 55 Cal. 5; *Hibberd* v. *Smith*, 67 Cal. 547; 56 Am. Rep. 726.) An outstanding title is a technical defense not favored in law, and not available unless present, subsisting, and opera-

tive at the time of trial when offered in evidence, and
not barred, abandoned, or reverted. (*Salter* v. *Williams,*
10 Ga. 187–90; *Hunter* v. *Cochran,* 3 Pa. St. 105, 108;
*Humble* v. *Spears,* 8 Baxt. 156; *Peck* v. *Carmichael,* 9
Yerg. 325, 326; *Howard* v. *Massengale,* 13 Lea, 577, 585;
*Jackson* v. *Harder,* 4 Johns. 202; 4 Am. Dec. 262; *Mc-
Donald* v. *Schneider,* 27 Mo. 405, 411; *Jackson* v. *Hud-
son,* 3 Johns, 375; 3 Am. Dec. 500; *Foster* v. *Joice,* 3
Wash. C. C. 501; *Greenleaf* v. *Birth,* 6 Pet. 312, 313;
*George's etc. Co.* v. *Detwold,* 1 Md. 234, 238; *Ballard* v.
*Perry,* 28 Tex. 347; *Griffin* v. *Sheffield,* 38 Miss. 359; 77
Am. Dec. 646; *Arnold* v. *Gorr,* 1 Rawle, 223; *Moreau* v.
*Detchmendy,* 18 Mo. 522; *Sharp* v. *Johnson,* 22 Ark. 79;
*Perryman* v. *Callison,* 1 Over. 516.) An outstanding
title may be rebutted by showing its acquisition by
plaintiff since the commencement of the action. (Sedg-
wick and Wait's Trial of Title to Land, sec. 831; *Ballard*
v. *Perry,* 28 Tex. 347; *Sharp* v. *Johnson,* 22 Ark. 79;
*Perryman* v. *Callison,* 1 Over. 516.) Outstanding title
cannot be set up by defendant, because both parties
claim from a common source of title—the plaintiff
under attachment, judgment, and execution against the
judgment debtor Green, and sale and sheriff's deed;
and the defendant Thornton under conveyance from
Green. (*Jackson* v. *Graham,* 3 Caines, 188; *Jackson* v.
*Bush,* 10 Johns, 223; *Gaines* v. *New Orleans,* 6 Wall. 718;
*McDonald* v. *Badger,* 23 Cal. 393, 400; 83 Am. Dec. 123;
*Smith* v. *Lindsey,* 89 Mo. 76; *Miller* v. *Hardin,* 64 Mo. 545;
*Brown* v. *Brown,* 45 Mo. 412; *Fellows* v. *Wise,* 49 Mo. 352;
*Thomas* v. *Jeter,* 1 Hill (S. C.), 380; *Rhett* v. *Jenkins,* 25 S. C.
453; *Dunlap* v. *Cook,* 18 Pa. St. 454; *Green* v. *Watrous,* 17
Serg. & R. 398; Brightly's Pa. Dig., 1115; *Hobson* v.
*Doe,* 4 Blackf. 487; *Sherry* v. *Denn,* 8 Blackf. 552; *Hayes*
v. *Bernard,* 38 Ill. 301; *Turner* v. *First Nat. Bank,* 78 Ind.
19; *Robertson* v. *Pickrell,* 109 U. S. 608; *Gilliam* v. *Bird,*
8 Ired. 280; 49 Am. Dec. 379; *Avent* v. *Read,* 2 Port. 480;
27 Am. Dec. 663; *Mickey* v. *Stratton,* 5 Saw. 479; *Griffin*
v. *Sheffield,* 38 Miss. 359; 77 Am. Dec. 646; *Wetherill* v.
*Curry;* 2 Phila. 98; *Den* v. *Winans,* 14 N. J. L. 5; *Blood*

v. *Light*, 38 Cal. 649; 99 Am. Dec. 441.)   The statute of limitations is not avoidable.   (*Jefferson* v. *Wendt*, 51 Cal. 573; *Leonard* v. *Flynn*, 89 Cal. 536; 23 Am. St. Rep. 500.)

HARRISON, J.—Ejectment for land in San Mateo county.  A certificate of purchase for the lands involved herein was issued to Benjamin S. Green by the register and receiver of the land office of the United States, March 5, 1863, and a patent therefor was issued to him August 1, 1871.   April 21, 1869, Green and wife mortgaged the land to C. C. Wilson and J. P. Jourdan, and in an action for the foreclosure of this mortgage, commenced September 6, 1870, a judgment was rendered, under which the land was sold January 2, 1872, and on the same day the sheriff's certificate therefor filed in the office of the county recorder.   July 3, 1872, the sheriff executed his deed to the purchaser, who, on the twenty-sixth day of September, 1872, conveyed his interest in the land to William Ford.

April 1, 1872, John McCombe commenced an action in the fifteenth district court in and for the city and county of San Francisco, against Green and wife, and a writ of attachment was issued therein, under which the sheriff of San Mateo county, on the next day, purported to levy upon all the right, title, and interest of Green and wife in the land.   Judgment was rendered in this action in favor of plaintiff, November 5, 1880, and by virtue of an execution issued thereon the sheriff, on December 10, 1881, sold the land to Alexander Forbes. June 4, 1887, the sheriff who made the sale executed a deed for the land, and on June 8, 1887, the sheriff then in office executed another deed therefor.   The plaintiff claims title by virtue of these deeds, and on the eighth day of June, 1887, commenced the present action.

August 17, 1872, B. S. Green executed a conveyance of the land to the appellant, Thornton, who, on the next day entered into the possession thereof, and has since remained in adverse possession, and paid all the taxes levied thereon from the year 1872 until the time of trial.

The plaintiff had judgment in the court below, from which, and an order denying a new trial, the defendant has appealed.

Whether there was sufficient evidence before the court to authorize it to find that the sheriff made an effective levy on the land by virtue of the writ of attachment issued in the action of *McCombe* v. *Green* need not be determined; but assuming that such levy was made, it affected only the interest in the land which was then held by the defendants in the attachment. Prior to that date their interest in the land had been sold under the judgment in foreclosure against them, and the deed which was subsequently executed to the purchaser at that sale vested him with all the title to the land that the Greens had on the twenty-first day of April, 1869 (the date of the mortgage), or which they had subsequently acquired therein (*Sichler* v. *Look*, 93 Cal. 610), and the interest or estate which the Greens had at the date of the attachment was thereby extinguished. The execution of the deed gave to the purchaser at the sale no new title to the land purchased by him, but was merely evidence that his title had become absolute. Upon the sale he acquired " all the right, title, interest, and claim of the judgment debtors thereto" (Code Civ. Proc., sec. 700), subject to be defeated by a redemption within six months, and to the right of the judgment debtors to remain in the possession of the land until the execution of the sheriff's deed, and all that remained in the Greens was this right of redemption, and to retain possession of the land until the expiration of the time therefor. " During the period which elapses between the sale and the expiration of the time for redemption the statute regards the purchaser as the owner, in equity, and gives him the rents and profits, or the value of the use and occupation. In short, it gives him the entire beneficial interest in the property, except the actual possession." (*Page* v. *Rogers*, 31 Cal. 302.)

Judgment was not rendered in the action of *McCombe* v. *Green* until November 5, 1880, and at the date of the

sale thereunder in December, 1881, the judgment debt-
ors had no interest in the land upon which the judg-
ment could be a lien, and as their interest in the land
that was attached had been extinguished, and as, with its
extinguishment the lien of the attachment upon that
interest was also extinguished, the land was not subject
to a sale in satisfaction of the judgment.   The convey-
ance by Green to Thornton, August 17, 1872, did not
transfer to him any title to the land, for the reason that
at that date Green had no title or interest in the land.
Thornton, however, took possession of the land on the
18th of August, 1872, and the record shows that since
that date he has maintained such an adverse possession
thereof as to vest him with a prescriptive title thereto,
unless the other facts shown in relation to his posses-
sion of the land preclude him from acquiring such title
or making this defense.

In an action of ejectment to recover lands purchased
at a sale under an execution issued upon a judgment
against the defendant, and of which he was in possession
at the time of the sale or at the date of the lien of the
judgment or attachment (if there was an attachment),
the defendant cannot defeat the plaintiff's right to
recover by showing that he had no title to the land, or
that the true title is outstanding.   (*Jackson* v. *Graham,*
3 Caines, 188; *Cooper* v. *Galbraith,* 3 Wash. C. C. 550;
*Den* v. *Winans,* 14 N. J. L. 6; *McDonald* v. *Badger,* 23
Cal. 393; 83 Am. Dec. 123; *Blood* v. *Light,* 38 Cal. 649;
99 Am. Dec. 441.)   The same rule applies to the vendee
of the judgment debtor, or any other person coming in
under him subsequent to the creation of the lien, and
who has no other title or claim to the lands than that
which he derived from the judgment debtor, or whose
title is, in effect, the same as that which was sold under
the execution.   (*Jackson* v. *Bush,* 10 Johns. 223; *Green*
v. *Watrous,* 17 Serg. & R. 398.)   As against the judg-
ment debtor, the production of the judgment, execution,
and sheriff's deed is *prima facie* evidence of the plain-
tiff's right to recover, but if the action is against a

stranger to the judgment, the plaintiff must also show that the judgment debtor had the title or possession of the land at the date of the lien or of the sale. This prior possession will then be *prima facie* evidence of a right to recover as against the mere possession of the defendant which will be deemed to have been taken subsequent to the sale. The sheriff's deed does not, however, transfer any after-acquired interest in the land, and the judgment debtor is not estopped from showing in an ejectment suit against him that, subsequent to the execution of the sale, he has acquired a different title from that which was sold under the judgment (*Emerson* v. *Sansome*, 41 Cal. 552); and in an ejectment suit against the vendee of the judgment debtor he may also show, not only that he has acquired a different interest or right of possession, but also that the judgment debtor himself had no interest in the lands at the time of the sale.

In one sense the grantee of land may be said to come into possession under his grantor, but his entry under his grantor is not in subordination to the title which he receives from him or of that character which estops him from disputing the validity of the title under which he entered, as a tenant is estopped from disputing his landlord's title, or the vendee in possession under a contract of sale the title of his vendor. Even a tenant is not estopped from showing that the title of his landlord under which he entered has terminated. (Taylor on Landlord and Tenant, sec. 629.) The grantee does not, by his entry, assume any obligation towards his grantor, nor is there any relation of trust or confidence between them, which is forfeited by his repudiation of the title under which he entered, or by his acquisition of another outstanding title. By entering under the title he assumes it to be *prima facie* good, but he is not estopped thereby from showing otherwise, or from showing in any controversy another and independent title in himself. (*Hill* v. *Robertson*, 1 Strob. 1.) "The vendee claims the property for himself, and his faith is not pledged to maintain

the title of the vendor.   The rights of the vendor are intended to be extinguished by the sale, and he has no continuing interest in the maintenance of his title unless he should be called upon in consequence of some covenant or warranty in his deed.   The property having become by the sale the property of the vendee, he has the right to fortify that title by the purchase of any other which may protect him in the quiet enjoyment of the premises.   No principle of morality restrains him from doing this, nor is the letter or spirit of the contract violated by it."   (*Blight* v. *Rochester,* 7 Wheat. 548.) Delivering possession under a deed of the fee does not, in the absence of any other recitals, raise an estoppel, since the possession then becomes wholly the possession of the grantee, and there is no obligation on his part to return it to the grantor.   He may therefore dispute his title.   (3 Washburn on Real Property, 5th ed., 99; *Gardner* v. *Green,* 5 R. I. 110; *Robertson* v. *Pickrell,* 109 U. S. 608; *Sparrow* v. *Kingman,* 1 N. Y. 242; *Osterhout* v. *Shoemaker,* 3 Hill, 513.)   In the case last cited, Bronson, J., giving the opinion of the court, said: "Although a tenant cannot question the right of his landlord, a grantee in fee may hold adversely to the grantor, and there can be no good reason why he should not be at liberty to deny that the grantor had any title.   There is no estoppel when the occupant is under no obligation, express or implied, that he will at some time or in some event surrender the possession.   The grantee in fee is under no such obligation.   He does not receive the possession under any contract, express or implied, that he will ever give it up.   He takes the land to hold for himself and to dispose of it at pleasure.   He owes no faith or allegiance to the grantor, and he does him no wrong when he treats him as an utter stranger to the title." The rights of the grantor are extinguished by the sale, and as the property has thereby become the property of the grantee, he holds it with all the attributes of ownership, and is under no more accountability to his grantor for his estimate of the title taken from him than he is

for the use to which he shall apply the land, and he may fortify his possession by the acquisition of any other title which may protect him in its enjoyment. "He holds adversely to all the world, and has the same right to deny the title of his vendor as the title of any other party." (*Merryman* v. *Bourne*, 9 Wall. 600; *Winlock* v. *Hardy*, 4 Litt. 272; *Voorhies* v. *White*, 2 A. K. Marsh. 26.) His possession becomes adverse to his grantor immediately upon his entry under the grant, and by this adverse possession he may acquire a title by prescription which will be as available for the protection of his possession as one acquired by grant. (*Croxall* v. *Shererd*, 5 Wall. 268.)

Whether the possession which Thornton took of the land in August, 1872, is to be regarded as having been taken by virtue of the grant from Green, or without any color of title, it immediately became adverse to the whole world. Green himself would be estopped by his deed from claiming any title in the land, and as whatever title Green had at the date of the attachment had been extinguished prior to the time when Thompson took possession of the land, the lien of the attachment against his interest was terminated and could no longer form a basis for the support of any sale that might be made under the judgment afterwards obtained in the action. At the date of the sale in 1881 Thornton had acquired a title by prescription which gave him the right to the possession of the land (Civ. Code, sec. 1007), superior to any claim of the plaintiff resting upon the prior possession of the Greens.

The rule that the statute of limitations does not begin to run against the judgment debtor, or one claiming under him, until the execution of the sheriff's deed, has no application to the present case. That rule rests upon the proposition that the sheriff's deed is the deed of the defendant under the execution, and that the defendant's possession after the sale cannot be adverse to the purchaser until the execution of his own deed by the sheriff. The rule has no application to a stranger to

the judgment, or to a title which is not derived from the judgment debtor. In *Jefferson* v. *Wendt*, 51 Cal. 573, the defendants were only the tenants of the judgment debtor, whose interest had been sold by the sheriff; and in *Leonard* v. *Flynn*, 89 Cal. 535, 23 Am. St. Rep. 500, the defendant had no title other than that which he had received from the judgment debtor, and had acquired this title within five years prior to the commencement of the action.

The court erred in permitting the plaintiff to offer in evidence the deed of the land executed to him by the assignee in bankruptcy of Ford, subsequent to the commencement of the action. The respondent seeks to sustain this ruling upon the theory, that the defendant had shown that this title was outstanding, and that it was competent for the plaintiff to show that it was not an available title against the plaintiff, for the reason that he had acquired it. The defendant, however, did not offer evidence of the sale under the foreclosure for the purpose of showing an outstanding title, for there was no such issue before the court, but for the purpose of showing that the lien which the plaintiff claimed as the basis of his own title had been extinguished thereby. That the introduction of the deed was injurious to the defendant is evident without any discussion.

The appellant, Hannah Green, by her answer admitted all the allegations of the complaint, and consequently is not entitled to a reversal.

The judgment and order denying a new trial are reversed as to the appellant Thornton, and affirmed as to the appellant Hannah Green.

FITZGERALD, J., DE HAVEN, J., and BEATTY, C. J., concurred.

McFARLAND, J., dissented.

GAROUTTE, J., dissenting.—Green was the owner of certain land. It was sold under foreclosure proceedings by his mortgagee. Pending the issuance of the sheriff's

deed, and during Green's possession, it was attached as
Green's property.   Subsequent to the attachment Green
deeded it to the defendant, Thornton, who entered into
the possession thereof.   The attachment proceedings
ripened into a judgment, sale under execution and deed
by the sheriff.   Plaintiff as the holder of such deed
brings an action of ejectment against Thornton, who
entered under his deed from Green.   Thornton pleads
the statute of limitations, claiming to have held posses-
sion adversely to the world for the statutory period.

I premise a short statement of my views by suggest-
ing that the rule so often declared in the decisions of
courts, that the plaintiff must recover in ejectment upon
the strength of his own title, is not without exception.
The principle of estoppel is often invoked in such cases,
and the defendant debarred from attacking plaintiff's
title by showing a better title in a stranger.   This is
always true where the claims of both parties arise from
a common source.

If the leading opinion in this case holds that the
grantee of the attachment debtor may enter under his
grant and then successfully plead the statute of limita-
tions as against the holder of the sheriff's deed, which
is in due course procured by virtue of the attachment
suit, and such appears to be the reasoning, I dissent.
This identical principle was before the supreme court
of the United States in *Pratt* v. *Pratt*, 96 U. S. 710, and
was there carefully considered and declared unsound.
In that opinion the court used the following illustration,
which is both simple and conclusive: "If this be estab-
lished to be the law, the owner of real estate may borrow
money on ten years' time to the value of that estate, and
give a mortgage on it to secure payment; and, by a sale
and conveyance of the land to a third person with
delivery of possession in a week afterwards, the lien is
utterly defeated.   For, according to this doctrine, the
statute of limitation begins to run against the mort-
gagee the moment the title and possession are vested in
the purchaser, and the bar of the statute becomes per-

fect against all the world by seven years' possession; whereas the mortgagee can take no steps to foreclose his mortgage until his money comes due three years later."

In the present case the defendant can hardly be said to plead the statute of limitations; his plea is little more than a denial of plaintiff's title.    The plea of the statute of limitations presupposes a right of action in the plaintiff at some time in the past, but that owing to his laches it has lapsed.    In the present case it is not contended that plaintiff's right of action has lapsed, but it is insisted that he never at any time had a right of action. We have held in *Jefferson* v. *Wendt*, 51 Cal. 573, and *Leonard* v. *Flynn*, 89 Cal. 536, 23 Am. St. Rep. 500, that a plaintiff's right of action accrues upon the delivery of the sheriff's deed.    Eliminating for the moment the foreclosure proceedings from the case, it seems to me very plain that defendant Thornton could not create in himself a title by adverse possession, for no one had a right of entry as against him; Green had no right of entry, for he was his grantor; plaintiff none, for he had not as yet obtained his sheriff's deed.    As is said in *Pratt* v. *Pratt*, 96 U. S. 710: " In the just sense of the term his possession is not adverse to this lien.    There can be no adversary rights in regard to the possession under the lien and under the defendant's purchase from the judgment debtor until the lien is converted into a title conferring the right of possession.    The defendant's possession after this is adverse to the title of plaintiff; and then, with the right of entry in plaintiff, the bar of the statute begins to run."

Let us assume that plaintiff Robinson secured his sheriff's deed within five years from the date of Thornton's entry under his deed from Green, and that he then brought this action.    I know of no way that Thornton could have defeated plaintiff's claim.    The statute of limitations could not have availed him, as his possession had not extended for sufficient length of time, and, as we have seen, this is his only defense.    Now, it seems

strange that plaintiff should be defeated because, without fault of his, he was unable to secure his deed within five years from Thornton's entry. If he had secured his deed at the end of four years from the entry of Thornton, his cause of action would then have accrued, and, as we have seen, he could have recovered possession of the land. If he had a cause of action at that time, and not till that time, the statute did not begin to run against him until then, and he could not have lost his right to bring suit until five years thereafter. If such were not the fact, plaintiff had a cause of action for the recovery of real estate which became barred within one year after it accrued. That result would be novel in the extreme.

As already suggested, defendant's plea of the statute of limitations in this case is almost a misnomer, as it is practically a plea of no title in plaintiff. Let us see if such is not the fact. We will assume that the foreclosure proceedings were fatally defective, and the deed thereunder void, what is plaintiff's *status* in the case then? Why, the title was in Green at the date of the levy, and the sheriff's deed vested it in plaintiff Robinson, under which he would have a cause of action that defendant could not contest for a moment. It follows that if the foreclosure proceedings are void, then plaintiff's cause of action accrued when he received his deed from the sheriff, and defendant's plea of the statute would be in vain. Upon the contrary, if those proceedings are valid, plaintiff has no cause of action, and the plea of the statute can be successfully invoked. In other words, if the legal title is in the plaintiff the statute cannot be pleaded, but if the legal title is in a stranger it can be pleaded. I fail to see the distinction, and do not think the successful plea of the statute is dependent upon any such test.

For the foregoing reasons it is apparent to me that the so-called plea of the statute of limitations, as far as practical results are concerned, is nothing more than a plea of outstanding title in a stranger under the deed

in foreclosure, and it must be conceded if such be the fact the plaintiff is entitled to recover.

Defendant offered the foreclosure proceedings in evidence. The prevailing opinion says, for the purpose of showing that at the date of the levy of the attachment Green had no interest in the land, and that consequently plaintiff got nothing by his deed. I would suggest those proceedings fail to show it, for Green had the lawful " possession" at the date of the levy, and if he had still been in possession when plaintiff received his deed there could be no question as to plaintiff's right of recovery. But, aside from that, these proceedings simply show an equitable title in a stranger at the date of the levy; and the result was simply an outstanding title when this litigation began. It cannot be possible that plaintiff's cause of action would be stronger if the sheriff's deed under foreclosure had issued prior to the levy of the attachment, yet such would seem to follow from the reasoning of the prevailing opinion. The foreclosure proceedings as an element in this case, in no way aids the defendant as to his plea of the statute of limitations, and, omitting that element of the case, we then have an exact photograph of *Pratt* v. *Pratt,* 96 U. S. 710, and the reasoning there found leaves the defendant with no prop to support him.

The title under the foreclosure being an outstanding title, it availed defendant nothing; perhaps he was estopped from setting it up, having entered under a deed from a common grantor with the plaintiff. But, aside from that, at the trial plaintiff showed that such title was then vested in him, and for that reason its efficacy as a defense was entirely gone. (See Sedgwick and Wait's Trial of Title to Land, sec. 831; *Sharp* v. *Johnson,* 22 Ark. 79; *Perryman* v. *Callison,* 1 Over. 516.

Rehearing denied.